APR 28 2021 PM12:11
FILED-USDC-CT-HARTFORD

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

HARTFORD

Civil Case No. 3:21cv584 (MPS)

Judges Initials:_____

Filed under U.S. Statute 28 U.S. Code 4101

Plaintiff respectfully requests a Jury Trial.

WARREN LOUIS PARÉ
                              Plaintiff

v.

Goddard School
Officer Robert Carfaro
Paul A. Gaetano, Esquire
Damian Tucker, Esquire
Elio C. Morgan, Esquire
                    Defendants

COMPLAINT: VIOLATION OF MY CIVIL RIGHTS, DEFAMATION OF CHARACTER.

A. PARTIES TO THE COMPLAINT

1. Warren Louis Paré, Plaintiff Pro-sé
   Citizen of the United States
   147 Bay State Road(Residence)
   P.O. Box 486(For all Mail)
   Chicopee, Hampden County
   Massachusetts, 01021
   Phone No. (413) 777-5894
   warrenpare61@gmail.com

2. Goddard School, Defendant-Sued in its Organizational capacity.
   42 Old Tavern Road
   Orange, New Haven County
   Connecticut, 06477
   Hartford, Hartford County
   Connecticut, 06103
   Phone No. unknown
   E-mail address unknown                    1



3.  Officer Robert Cafaro, Defendant-Sued in his individual capacity.
    Orange Connecticut Police Officer
    Citizen of the United States
    314 Lambert Road
    Orange, New Haven County
    Connecticut, 06477
    Phone No. unknown
    E-mail address unknown

4.  Paul O. Gaetano, Esquire, Defendant-Sued in his individual capacity.
    Prosecutor
    Citizen of the United States
    106 Elizabeth Street
    Derby, New Haven County
    Connecticut, 06418
    Phone No. unknown
    E-mail address unknown

5.  Damian Tucker, Esquire, Defendant-Sued in his individual capacity.
    Public Defender
    Citizen of the United States
    106 Elizabeth Street
    Derby, New Haven County
    Connecticut, 06418
    Phone No. unknown
    E-mail address unknown

6.  Elio C. Morgan, Esquire, Defendant-Sued in his individual capacity.
    Attorney
    Citizen of the United States
    100 Pearl Street
    Hartford, Hartford County
    Connecticut, 06103
    Phone No. (203) 683-3401
    E-mail address: eliolaw@optimum.net

## B.  JURISDICTION

1.  The United States District Court, District of Connecticut, in Hartford, Connecticut has jurisdiction over my "Plaintiff Complaint" because the actions of Defendants Goddard School, Officer Robert Carfaro, and Paul Gaetano, Esquire resulted in my being arrested in Hartford County in Connecticut on July 31, 2018 and the defamation of my character and permanent damage to my reputation.

2.  Defendant Damien Tucker on July 31, 2018, and on later dates, lied to me repeatedly, with regard to the State of Connecticut Superior Court Criminal Misdemeanor Case No. A05D-CR-0158547-S. His conduct more than two and a half years ago was a violation of my Civil Rights and has resulted in the defamation of my character and permanent damage to my reputation.

3.  Defendant Elio C. Morgan, Esquire who has an office in Hartford, Connecticut was appointed as my Independent Defense Counsel in August of 2019 by the Honorable Peter McShane who at the time was the presiding Judge. Attorney Morgan first notified me of his being my attorney by leaving a voicemail on my cell phone. His conduct has been egregious and has caused permanent damage to my reputation.

## C.  NATURE OF THE CASE

4.  This is a 42 U.S. Code Section 1331 Federal Question Civil Action case with the United States District Court, District of Connecticut, in Hartford, Connecticut the proper venue.

3

### D.  CAUSE OF ACTION

5.  I am stating a claim that Defendant Goddard School violated my Civil Rights causing defamation to my character resulting in permanent damage to my reputation by allowing Eileen Allaire, an employee of the school, to provide a Town of Orange, Connecticut Police Officer with an inaccurate accounting of the details of my having been on the property of 42 Old Tavern Road in the Town of Orange on March 27, 2018.

6.   In the Affidavit pertaining to the Arrest Warrant Application(see Exhibit 1) Officer Robert Carfaro states that Eileen Allaire(D.O.B. 10/2/65) is the Director of Goddard School yet Attorney James Resila states in his letter to me dated September 26, 2019 "Ms. Allaire is not and has not ever been the Goddard School director"(see EXHIBIT 63).

7.   In the Affidavit it also states that I drove very fast through the Goddard School parking lot which is not true. Ms. Eileen Allaire tells Officer Carfaro she informed me me I was on private property and I would have to leave which is also a lie. In a brief conversation I had with a young woman I was not given her name and the conversation was cordial and I simply left to complete my walk.

8.   I had been taking the walk around 42 Old Tavern Road to excercise my legs as I have permanent damage to my spinal cord causing me to limp on my right side. The woman I spoke with never mentioned anything about contacting the Police or told me my presence on the school property was trespassing.

4

9.   In paragraph 4 it states at some point I was escorted to my car by an Officer

Edwards which is not true as I was not at any time on March 27, 2018 escorted back to

my car by a Police Officer. The content of Paragraph 5 of the Affidavit states details of a

conversation I had with Officer Edwards after he escorted me back to my car which is

contrived.

10.   In Paragraph 6 of the Affidavit it states that I drove through the school parking lot

after Officer Edwards told me to leave which is also a lie. Ms. Allaire is said to have

provided the Police with a copy of CCTV which shows my first encounter with Ms.

Allaire. Goddard School's security system should have recorded every second I was on

the property and with the discovery process of this case the evidence will prove the

content is contrived.

11.   In paragraph 7 Officer Robert Carfaro states under oath that he has determined

that my presence on 42 Old Tavern Road and 295 Boston Post Road is probable cause

to have me arrested more than three months later yet the content of his sworn document

does not contain the truth of what occured on March 27, 2018.

12.   I am stating a claim that Officer Robert Carfaro willfully and intentionally

signed an Affidavit on April 28, 2018 knowing it it did not contain facts that would

justify my being arrested for violating CGS: 53a-107 Criminal Trespass First Degree

on March 27, 2018 in Orange Connecticut. His conduct  has resulted in defamation

5

of my character and permanent damage to my reputation.

13. I am stating a claim that Paul O. Gaetano, Esquire signed an Arrest Warrant Application on May 15, 2018 that did not contain facts that created a probable cause for me to be charged with having violated CGS: 53a-107 Criminal Trespass First Degree. Had he acted responsibly he should have realized that an Affidavit signed on April 28, 2018 for a Criminal Trespass on March 27, 2018 at a school made no sense.

14. For me to have committed a crime I would have to know my being on school property during the daytime would result in the commission of a crime. I had no intent therefore there was no criminal act. His conduct leading to my arrest on July 31, 2021 has caused defamation of character and permanent damage to my reputation.

15. Defendant Damian Tucker, Esquire met with me on July 31, 2018 as a Public Defender. He informed me on that day that he was going to appear in front of a Judge to speak on my behalf so that I would be released from custody on a "Promise to Return" at a later assigned date.

16. In our conversation he started questioning me on where I went after I left 295 Boston Post Road on March 27, 2018. That seemed irrelevant to me so I asked him if I had an attorney client priviledge in speaking with him to which he said I did not. I immediately became concerned about his integrity.

17. Attorney Tucker ended the meeting by telling me I would see him in Court later.

6

We appeared in front of a Judge around 3:00 P.M. and the Judge released me on my

"Promise to Return" to Court on an assigned date. At that point I was unsure how I

would get back to my residence in Chicopee, Massachusetts.

18.   I was arrested in West Suffield, Connecticut in the early A.M. of July 31, 2018

and was transported to the Orange, Connecticut Police Station by a uniformed Town of

Orange Police Officer in a marked Cruiser. I needed to go home after being released

but I had only fourteen dollars on me.

19.   I waited until the Court finished for the day and was able to meet with Attorney

Tucker in his office. I asked him for transportation back to Massachusetts and he told

me there was no funds to help me with. I persisted to ask for financial assistance and

again he told me he could not provide me with any help.

20.   I continued to press Attorney Tucker for assistance when he finally called to a

colleague.  A woman appeared in his doorway.  Attorney Tucker asked her to give

me a bus pass. Another words he had been lying to me. I was able to get to Hew Haven

and buy an Amtrak ticket to Springfield. I then took a PVTA bus as far into Chicopee,

Massachusetts as possible. From the center of Chicopee I walked one and a half miles

home limping.

21.   In future meetings Attorney Tucker lied to me and witheld information that

allowed Criminal Case No. A05D-CR-0158547-S to linger on to this very day. In

the Jury trial I will further explain what transpired between Attorney Tucker and myself. I am stating a claim that Attorney Damien Tucker's egregious conduct has caused defamation of my character and permanent damage to my reputation.

22.  I am stating a claim that Defendant Elio C. Morgan, Esquire has been named a Defendant in this civil action due to his egregious conduct in his representing me in the State Of Connecticut Derby Superior Court Case A05D-CR-015847-S which alleges that I committed a "Misdemeanor Criminal Trespass" at 42 Old Tavern Road in Orange, Connecticut on March 27, 2018. On April 28, 2018(one month later) an "APPLICATION FOR ARREST WARRANT" was filed. The Case is still pending as a direct result of Attorney Elio C. Morgan's conduct from the time of his being assigned to be my Lawyer.

23.  The Honorable Judge Peter McShane decided that I, Warren Louis Pare(D.O. B. 12-15-1954), needed to be represented by an Independent Defense Attorney in The State of Connecticut, Derby Superior Court Misdemeanor Criminal Court Case Docket No. AO5D-CR18-0158547-S.

24.  In the evening of August 8, 2019 Attorney Elio C. Morgan left a voicemail message on my phone(413- 777-5894) stating he had been assigned to represent me in The State of Connecticut, Derby Superior Misdemeanor Criminal Court Case Docket No. AO5D-CR18-0158547-S.

25.  Several weeks earlier Judge Peter McShane announced in a Hearing that he

8

was going to assign me an Independent Defense Attorney to represent me at my next scheduled Hearing on August 9, 2019. The first I had heard from Attorney Elio C. Morgan was the evening before but I did not become aware that he had left a voicemail message until the early A.M. hours of August 9, 2019 when I looked at my phone at a stop enroute to the Derby Connecticut Superior Courthouse.

26.  Upon my arrival I passed through security and was then approached by a man who introduced himself as Attorney Elio Morgan. Attorney Morgan had made no previous attempt to contact me before his voicemail he had left the evening before. The message was that I should call him back before 9:00 A.M on August 9, 2019. The Hearing was on the calendar that day which was set to be heard starting at 10:00 A.M..

27. Attorney Morgan started to speak about the case with me with other people close by. We then moved into an adjacent enclosed stairwell. Upon our doing so Attorney Morgan immediately suggested that his legal advice to resolve the case was for me to take a "Training Course".

28.  I told him that was totally unacceptable to me as I had not committed a "Misdemeanor Criminal Trespass" on March 27, 2018 at 42 Old Tavern Road in Orange, Connecticut! It was at that time while in the stairwell at approximately 9:30 A.M. on August 9, 2019 that I got the sickening feeling that Attorney Morgan was not working in my best interest. It became aware to me he was only interested in resolving the case to

9

the benefit of the Prosecutor Attorney Rebecca Barry and the party who had the Criminal

Complaint filed against me on April 28, 2018(over a month later), Goddard School!

29.  After Attorney Morgan and I had our initial in person meeting on August 9, 2019

we appeared together before the presiding Honorable Judge Peter McShane. The

Judge scheduled our next Court date for September 10, 2019 to allow for Attorney

Morgan and me to review the facts of the Case.

30. As  Attorney Morgan and I left the building he suggested we could review the case

further at his Bridgeport office. Once we were outside he decided we could have the

discussion across the street in a park. Our conversation once again became that

of his mentioning that I could simply take the "Training Course". I could not believe that

Attorney Elio Morgan was my Defense Counsel and he clearly had no interest in proving

I was "Innocent"!

31.  I was attempting to impress upon Attorney Morgan that a review of all the facts

 would clearly prove I did nothing wrong and that seeing Goddard was a school

they would have a video he could obtain that would prove I had not done anything

wrong!

32.  I informed Attorney Morgan that prior to my having spoke to a Goddard School

Staff member while I was on an around the block walk I had been parked in a parking

lot next to the school reading a newspaper article about a deceased hero fireman

Lieutenant Michael Davidson whose funeral Mass was being held on March 27, 2018

(the same day I was falsely accused of having committed a Criminal Trespass) at Saint

Patrick's Cathedral In New York City.

33.  I was at the Cathedral on March 26, 2018 and became aware of Lieutenant

Michael Davidson's scheduled service or I would have been there myself as I had been

staying at the Super Eight Hotel in Stamford, Connecticut from March 22, 2018 thru

the morning of March 27, 2018 and making trips into Manhattan.

34.  I was informing Attorney Morgan that a marked Police Cruiser pulled up in

front of my parked car and two Officers got out of their cruiser. They came to the

Driver's side and asked me to exit the car. I was questioned as to why I was there.

I explained that I was taking a break and reading a newspaper. They asked for my

Driver's License and I presented it. A couple of minutes later "they left without giving

me any indication I was doing anything wrong". " Neither Officer told me that I had to

leave the property"!

35.  Attorney Morgan seemed indifferent to what I was trying to convey to him and

without any relevance to what we had been discussing he starts telling me a story of

how he had a case where he was opposed by a person who represented themself as

a  Pro-se litigant. The story was totally irrelevant and was further proof to me he did

not have any interest in working on my behalf. The meeting ended with his agreeing

11

he would obtain a copy of a video through the Prosecuting Attorney Rebecca Barry.

36.  On August 12, 2019 I decided to drive down to Stamford, Connecticut to obtain records of my stay at the Super Eight Hotel from March 22, 2018 to the morning of March 27, 2018. Upon picking them up I made copies and along with other documents I made a stop at Attorney Elio C. Morgan's Bridgeport office and left them with a receptionist. I did not see or meet with Attorney Morgan. I did not receive any acknowledgement by email or phone message from the Attorney so on August 13, 2019 I sent another set of copies by U.S.P.S. Priority Mail..(see Exhibit 19 ).

37.  Attorney Morgan did not respond to my Priority Mail which made me feel once again that he was not showing any interest in communicating with me in preparation for the scheduled September 10, 2019 Hearing. On March 27, 2018 I was 63 years old and very proud of how I had always led my life in a wholesome manor and set a excellent example for my five children to follow in their lives(see Exhibits 57-59 ).

38.  I had never committed a crime in my lifetime to date! In 1982 I was falsely accused by a former employee of a company in Holyoke, Massachusetts that I was the Manager  with "Criminal conversion of personal property". The personal property he was referring to was being stored in a garage at another company location in Chicopee, Massachusetts owned by the President of the company.

39.  The property the former employee was referring to had never been in my

possession or handled by me. Upon the Honorable Judge hearing the facts he "Dismissed" the case against me and "Ordered" the former employee to pay the property owner a rental fee. At the time I was working a lot of hours, had young children, and recently moved into a new home so I decided not to file a lawsuit against the individual!

40. On September 9, 2019 I drafted a "Personal History" and sent a # 1 page to Attorney Morgan(Exhibit 57 ). I stated in an email I would complete the presentation and send it to him on September 9, 2019(Exhibit 57-59 ). I did send the completed report on September 9, 2019.

41. I met Attorney Morgan at the Derby Courthouse for the September 10, 2019 Hearing. He acknowledged having received my "Personal History" paper but said he would use it if the Case went to Trial. Attorney Morgan once again said my taking a "Training Course" known as an "AR" program was his recommendation. Again I told him that was unacceptable as that was an admission I had done something wrong.

42. On the morning of September 10, 2019 Attorney Morgan and I appeared before The Honorable Judge Peter McShane with Attorney Rebecca Barry present and she handed Attorney Morgan one copy of a video that was suppose be to be from Goddard School of 42 Old Tavern Road, Orange, Connecticut pertaining to March 27, 2018. The Judge scheduled a Hearing for October 4, 2019 to allow time for a viewing of the video. Before I left the Derby Superior Courthouse on September 10, 2019 Attorney Morgan

13

told me he was going to go to Orange, Connecticut to view the subject Properties. On

September 21, 2019 I had not been contacted by Attorney Morgan.

43. With his continued recommendation of my taking an "AR Training Course" I had

no confidence in his desire to have the Misdemeanor Criminal Case against me

resolved by being "Thrown Out" or having me found "Not Guilty" if the Case went to

Trial so I sent him a letter that was dated September 21, 2019(Exhibit 60).

44. In my September 21, 2019 letter I requested a copy of the paperwork the Court

should have filed assigning Attorney Elio Morgan as my Defense Counsel.I felt that

upon his being assigned to represent me he and I should have needed to enter into a

written agreement as well. I also sent him a United States Postal Service Priority Mail

envelope Tracking # 9114 9011 5981 8399 6457 84 with prepaid postage and requested

that he also send me a copy of the video disc Attorney Rebecca Barry handed him. I did

not hear from him so I mailed him again on October 1, 2019(Exhibit 61 ).

45. On October 1, 2019 I mailed Attorney Morgan documents including a letter

(Exhibit 63 ) from a New York Law Firm that contains information that indicates the

APPLICATION FOR ARREST WARRANT AFFIDAVIT is not accurate which in my

opinion by itself would be grounds for the Derby Superior Criminal Case Docket No.

AO5D-CR-0158547-S to be "Thrown Out".

46. Attorney Elio C. Morgan did not respond to my communications of September 21,

14

2019, October 1, 2019, and October 2, 2019. When I arrived at the Derby Superior

Courthouse on October 4, 2019 at 9:00 he was there. He told me he had reviewed the

video he had received from prosecuting Attorney Rebecca Barry. Attorney Morgan

indicated to me that the video was favorable to me but he had not gone to Orange to

look at the property I was alleged to have trespassed on.

47.  I told Attorney Morgan that I would like to see the video with him before we

appeared again in front of Judge Peter McShane because the evidence I had provided

him along  with the video would prove the case should be thrown out. He decided to ask

for another continuance so he went into the prosecution office and returned informing

 me a new Hearing date was Scheduled for November 20, 2019.

48.  On November 14, 2019 I received a United States Priority Mail envelope with

Tracking No. 9114 9011 5981 8399 6457 84(Exhibits 75) that I had provided Attorney

Morgan in my September 21, 2019 mailing to him(Exhibit 60). In the letter(Exhibit

72) he indicates to me he enclosed the copy of the "video" (Exhibit 73) he received from

the Prosecutor without making a copy for his files.

49.  Attorney Morgan waited to the evening of August 8, 2019 to inform me he was

assigned to represent me when a Hearing was scheduled for August 9, 2020 based on

a Complaint filed in April of 2018. Its November 11, 2019 and he was unwilling to set an

appointment to review a video that on October 4, 2019 he said was favorable to me and

15

that he had in his possession since September 10, 2020.

50.  I decided to not view it for the first time without Attorney Morgan present. On November 20, 2019 I arrived at the Derby Superior Courthouse at 9:00 A.M. Attorney Morgan was already there and I handed him the video disc he had sent me on November 11, 2020. I told him I felt we should view it together. Attorney Morgan made a comment about the prosecution having an additional disc he was going to review with Rebecca Barry.

51.  I had with me copies of the documents I sent him on October 2, 2020 which included the letter(Exhibit 26) dated September 26, 2019 from the Attorney from the Albany New York law firm representing Goddard School that included information that proved the Affiant's statement in the arrest warrant was not accurate and was another reason that he should ask for the case to be thrown out.

52.  Based on research I have done since I was arrested for a Criminal Misdemeanor Trespass I have learned that to have committed a crime and be found "Guilty" after a Trial the Judge if he is the deciding the verdict, or a Jury, must determine that I I understood my actions were  "criminal" . I did not intend to criminal trespass so I did not commit a crime.

53.  The scheduled starting time for the Court was 10:00 A.M.. Attorney Morgan asked me to wait while he went into the Prosecutor's Office. Shortly before 10:00 a Police

16

Officer arrived and signed in. He then walked into the Prosecutor's Office and I saw on his back he was from Orange. Attorney Morgan had not returned when the Courtroom was opened so I decided to enter and sit down.

54.   Judge Peter McShane did not enter the Courtroom and give his opening Statements until 10:35. Attorney Morgan entered the Courtroom at that time.  My case was the second to be called and Attorney Morgan and I stood together at the Defense table. Judge Peter McShane said that he had read the copy of my Personal History I had submitted to the Clerk's Office in early September. He complimented me and made specific mention about my recovery pertaining to my Cervical operation.

55.   Judge Peter McShane's favorable comments regarding my personal history made me feel that he was providing Attorney Elio C. Morgan the opportunity to ask for the Case against me to be "Dismissed". I don't know what the Judge's decision would have been if Attorney Morgan would have made the request for a "Dismissal" but I was upset that despite my having asked him several times in the past he did not!

56.   In the month of December 2019 Attorney Elio C. Morgan and I did not meet to review the videos of my being on Goddard School property on March 27, 2018. In December of 2019 I again requested in writing that Attorney Morgan provide me with Court issued documents proving that he was officially representing me but he never provided any such documents. On January 10, 2020 I fired  Attorney Elio C. Morgan!

### E.  REQUEST FOR RELIEF

Wherefore, I, Warren Louis Paré respectfully request that at the conclusion of the Trial, with all the facts presented, the Jury will award me with a decision for the Plaintiff. And with the facts the Jury will have come to realize the "Defendants" wilfully and intentionally caused defamation of my character resulting in permanent, and unrepairable, damage to my reputation and grant me monetary damages in the amount of ten million dollars($10,000,000).

I further respectfully request that the Honorable presiding Judge render a decision of punitive damages in a monetary award commensurate to their feeling I would be deserving of.

### DECLARATION UNDER PAINS AND PENALTIES OF PERJURY

I, Warren Louis Paré, the Plaintiff, declare under penalty of perjury that I have personally composed the written content of this civil action complaint and that the information contained in the complaint is true and correct.

Executed at Enfield, Connecticut on Wednesday  April 28, 2021.

Date: April 28, 2021                              By: _Warren Louis Paré_

Warren Louis Paré, Plaintiff Pro-se
P.O. Box 486(For all Mail)
147 Bay State Road(Residence)
Chicopee, MA  01021
(413) 777-5894
warrenpare61@gmail.com

Submitted on 4/28/2021 with 164 exhibits.

18