## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| Warren Louis Paré | : | Case No. 3:21-cv-584 (OAW) |
| *Plaintiffs* | : | |
| | : | |
| *v.* | : | |
| | : | |
| GODDARD SCHOOL, ET AL. | : | |
| *Defendants* | : | SEPTEMBER 1, 2022 |

## **RULING ON DEFENDANTS' MOTION TO DISMISS**

Warren Louis Paré ("Plaintiff") brings this action under 42 U.S.C. § 1983 for events arising out of his arrest for trespassing onto property owned and operated by Defendant Goddard School ("School"), on July 31, 2018.  Plaintiff also names as defendants the owner of the School, Kimberly M. Kick ("Defendant Kick"), and a School employee, Eileen Allaire ("Defendant Allaire") (together with the School, "Goddard School Defendants"). The Goddard School Defendants have moved to dismiss the claims against them.  Mot. to Dismiss, ECF No. 74.  For the reasons stated herein, the court hereby **GRANTS** the motion to dismiss.  The court will permit Plaintiff to amend his complaint to assert a common law claim of malicious prosecution against the Goddard School Defendants. Plaintiff must file his Third Amended Complaint within thirty (30) days of this ruling.

I.   **Procedural History**

a.   New York Action

Plaintiff initially filed a complaint against the School and Defendant Allaire, along with thirty-four (34) other defendants, on February 14, 2019 in the Northern District of New York.  *Pare v. Valet Park of Am., Inc.*, No. 1:19-CV-0206-LEK-DJS, 2020 WL

495038, at *4 (N.D.N.Y. Jan. 30, 2020).  In the New York complaint, Plaintiff alleged that Defendant Allaire made a false statement to the Orange Police Department that lead to his arrest.  *Id.* at *5.  Plaintiff named the School as a Defendant because it "allow[ed] School Director Eileen Allaire [to] promote a false statement that led to [Plaintiff's] arrest." *Id.*  District Judge Lawrence E. Kahn granted the School's motion to dismiss on the grounds that Plaintiff has failed to state a § 1983 claim against the School.  *Id.*  The court dismissed Plaintiff's claims against the School without prejudice.  Plaintiff then filed an amended complaint naming only two (2) defendants and removing both the School and Defendant Allaire from the action.

      b.  <u>The Instant Action</u>

Plaintiff filed his complaint on April 28, 2021.  He named five (5) defendants, including the School.  Compl., ECF No. 1.  After several defendants had moved to dismiss, Plaintiff opted to file an Amended Complaint.  Am. Compl., ECF No. 39.  The Amended Complaint added five (5) new defendants, including Defendants Allaire and Kick, for a total of ten (10) defendants in this action.  *Id.*  Because Plaintiff had filed the Amended Complaint listing only the School in the case caption, the court requested that Plaintiff file a Second Amended Complaint ("SAC") which contains all named defendants in the caption.  ECF No. 50.  Plaintiff filed the SAC on October 21, 2021, and it is the legally operative complaint in this action.  SAC, ECF No. 53.  The Goddard School Defendants have all moved to dismiss the SAC.  ECF No. 74.

**II.    Plaintiff's Second Amended Complaint**

Plaintiff states that "[t]his is a 42 U.S. Code Section 1331 Federal Question Civil Action."  SAC at ¶ 5, ECF No. 53.  He alleges that he was arrested on July 31, 2021, *id.* at ¶ 15, for a trespass which occurred more than three months prior on March 27, 2018. Plaintiff alleges that he had been walking on 42 Old Tavern Road in Orange, Connecticut (the "Property") to exercise his legs.  *Id.* at ¶ 6, 9.  The School is located on the Property.[1]

Plaintiff alleges that Defendant Allaire is an employee of the school.  SAC at ¶ 6. According to the SAC, Defendant Allaire falsely told a Town of Orange police officer that she had informed Plaintiff he was on private property and would have to leave.  *Id.* at 8. Plaintiff alleges that he had a brief conversation with a young woman, and was not given her name.  *Id.*  Plaintiff states that he was simply left to complete his walk.  *Id.*  Plaintiff claims that the woman he spoke with never mentioned anything about contacting the police or that plaintiff's presence on school property was trespassing.  *Id.*  In the SAC, Plaintiff contests the affidavit accompanying the warrant for his arrest.  *Id.* at ¶ 11.  Plaintiff alleges that while the affidavit "states at some point [he] was escorted to [his] car" by a police officer, he states that he was not at any time on March 27, 2018 escorted back to his car by a police officer.  *Id.* at ¶ 10.  The affidavit also indicates that Plaintiff drove through the school parking lot after being asked to leave, which Plaintiff alleges "is also a lie."  *Id.* at ¶ 11.

With respect to the School, Plaintiff states that "Defendant Goddard School violated my Civil Rights causing defamation to my character resulting in permanent damage to my reputation by allowing [Defendant Allaire] . . . to provide a . . . Police Officer

---

[1]     Although not specifically alleged in the SAC, the affidavit accompanying Plaintiff's arrest warrant, which Plaintiff has attached to the SAC, indicates that the School is located on the Property.  ECF No. 53-1 at 1.

with an inaccurate accounting of the details of my having been on the [Property] . . . on March 27, 2018." *Id*. at ¶ 6.

With respect to Defendant Cook, Plaintiff alleges that she is the owner of the School, and "allowed" Defendant Allaire to lie in her statement to the police about Plaintiff's presence on School property on March 27, 2021. *Id*. at ¶ 64.

## III.    Standard

The Goddard School Defendants move to dismiss the SAC pursuant to rule 12(b)(6).  To avoid dismissal under Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," and not merely "conceivable." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 684, (2009).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*.  A complaint that offers only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555

"A document filed *pro  se* is 'to be liberally construed, and 'a *pro  se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal citation omitted).  Therefore, while even a complaint filed by a self-represented party must contain sufficient factual allegations to withstand the heightened pleading standard set forth in *Twombly* and *Iqbal*, courts "look for such allegations by reading the complaint with 'special

solicitude' and by interpreting it to raise the strongest claims it suggests." *Green v. McLaughlin*, 480 F. App'x 44, 46 (2d Cir. 2012) (internal citation omitted).


**IV.   Discussion**

Plaintiff's SAC fails to state the specific legal claim asserted against any of the Goddard School Defendants.   However, he alleges that the School "violated my Civil Rights,"   SAC at ¶ 6, ECF No. 53, and attaches to his complaint an online article titled "Section 1983 Lawsuit – How to Bring a Civil Rights Claim."   ECF No. 53-1 at p. 175. Plaintiff also states in his complaint that jurisdiction is proper under "42 U.S. Code Section 13311 Federal Question Civil Action."   SAC at ¶ 5.   Accordingly, the court will determine whether Plaintiff adequately has pled a § 1983 claim for malicious prosecution in violation of his Fourth Amendment.   Because the court must read the complaint liberally, and afford the pleadings the strongest interpretation possible, the court also will review whether Plaintiff sufficiently has stated a common law claim for malicious prosecution under Connecticut state law.   Finally, because the complaint repeatedly uses the word "defamation," the court will analyze whether Plaintiff sufficiently has pled a state law claim for defamation.

a.   § 1983 Claim

The court finds that Plaintiff has failed to state a claim under § 1983 against any of the Goddard School Defendants.   With respect to the School, employers are not liable under § 1983 for the constitutional torts of their employees . . . unless the plaintiff proves that 'action pursuant to official . . . *policy* of some nature caused a constitutional tort.'" *Rojas v. Alexander's Dep't Store, Inc.*, 924 F.2d 406, 408 (2d Cir. 1990) (internal citations

omitted); *see also Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 691 (1978) (recognizing that a defendant "cannot be held liable *solely* because it employs a tortfeasor . . . on a respondeat superior theory"). An "official policy" may refer to a "single decision" made by the organizational defendant, or "formal rules or understandings . . . not always committed to writing." *Pembaur v. City of Cincinnati*, 475 U.S. 469, 480 (1986). If the alleged unconstitutional action is taken by those who establish the policy of the organization defendant, then the organization is "equally responsible." *Id.* Thus, to recover under § 1983, "it is not enough for [the plaintiff] to show that his arrest . . . was without probable cause." *Rojas*, 924 F.2d at 409. Plaintiff must show that the School had some unconstitutional policy that allowed suspects on the Property to be reported and arrested for "less than probable cause." *See id.* (holding that plaintiff, who was arrested for shoplifting, must show that the department store had a policy of arresting suspects on "less than probable cause" for purposes of a § 1983 claim).

In his complaint, Plaintiff does not allege that Defendant Allaire's actions were in accordance with any unconstitutional policy of the School. Plaintiff's sole allegation against the School is that it "allow[ed] Defendant Allaire to provide . . . an inaccurate accounting" to the police as to Plaintiff's presence on the Property. With respect to Defendant Kick, Plaintiff alleges that as the owner of the School, Defendant Kick "allowed Defendant Eileen Allaire to lie in her statement to the Police about my being on school property on March 27, 2021." SAC at ¶ 64. Without any additional allegations as to the School, its official policies, or Defendant Kick's policy-making role, Plaintiff cannot assert his § 1983 claims against the School or Defendant Kick under a theory of respondeat superior for the actions of their employee – Defendant Allaire.

Moreover, the Goddard School Defendants are private individuals, and there are no allegations in the complaint that they acted under color of state law.  "To state a claim against a private entity on a section 1983 conspiracy theory, the complaint must allege facts demonstrating that the private entity acted in concert with the state actor to commit an unconstitutional act."  *Spear v. Town of W. Hartford*, 954 F.2d 63, 68 (2d Cir. 1992).  Thus, even if Plaintiff had alleged that Defendant Allaire acted pursuant to an existing School policy, his § 1983 claim would still fail because Plaintiff has not alleged that any of the Goddard School Defendants acted under color of state law.

Plaintiff has been on notice for more than two years that his § 1983 claim is deficient.  Indeed, Judge Kahn in the Northern District of New York dismissed the same § 1983 claim[2] against the School because Plaintiff had failed to allege that the School was a state actor, and because the claim improperly invoked a theory of respondeat superior.  *See Pare v. Valet Park of Am., Inc.*, No. 1:19-CV-0206-LEK-DJS, 2020 WL 495038, at *4 (N.D.N.Y. Jan. 30, 2020).  Judge Kahn provided Plaintiff an opportunity to amend his complaint and dismissed the claim against the School without prejudice.  *Id.*  Plaintiff chose to re-file his complaint here in the District of Connecticut, but he did not cure any of the complaint's deficiencies identified by Judge Kahn.

Recognizing that Plaintiff had not fixed the deficiencies in his complaint, the School moved to dismiss the complaint filed in Connecticut for many of the same reasons noted by Judge Kahn.  Defs. Mem. of Law, ECF No. 15.  The court thereafter provided Plaintiff

---

[2]     Plaintiff's New York complaint alleges that the School "has been named . . . due to its allowing [Defendant Allaire to] promote a false statement that led to my arrest" while the complaint originally filed before this court states that "Defendant Goddard School violated my Civil Rights . . . by allowing [Defendant Allaire], an employee of the school, to provide . . . an inaccurate accounting of the details of Plaintiff's presence on the Property.  *Compare* Compl. at ¶ 15, ECF No. 1, *Pare v. Valet Park of Am., Inc.*, No. 1:19-CV-0206-LEK-DJS, *with* Compl. at ¶ 5, ECF No. 1.

an opportunity to amend his complaint or file a response to the motion. ECF No. 29. Plaintiff chose to file an amended complaint, but he once again failed to address the deficiencies of his § 1983 claim against the School.

To date, Plaintiff now has had at least two opportunities to cure his claim with respect to the School: (1) after Judge Kahn's decision in *Pare v. Valet Park of Am., Inc*; and (2) after the School moved to dismiss the complaint in this action.  A plaintiff's failure to fix deficiencies in the previous pleading, after being provided notice of them, alone is sufficient ground to deny leave to amend.   *Nat'l Credit Union Admin. Bd. v. U.S. Bank Nat'l Ass'n*, 898 F.3d 243, 257-58 (2d Cir. 2018) ("When a plaintiff was aware of the deficiencies in his complaint when he first amended, he clearly has no right to a second amendment even if the proposed second amended complaint in fact cures the defects of the first. Simply put, a busy district court need not allow itself to be imposed upon by the presentation of theories *seriatim*.").  Moreover, the court notes that it would be prejudicial to the School to continuously permit Plaintiff to file amended complaints which fail to fix previously identified defects.  Thus, Plaintiff is not be permitted to amend his complaint with respect to his § 1983 claims against the Goddard School Defendants; those claims hereby are dismissed.

      b.  Common Law Malicious Prosecution

Because it is required to construe a self-represented party's complaint liberally, the court finds that Plaintiff's allegations may form the basis for a common law malicious prosecution claim.  While a § 1983 claim requires a plaintiff to show that the defendant acted under color of state law, a claim of malicious prosecution under Connecticut law may be asserted against a private individual without showing that the defendant is a state

actor.  *See Pizarro v. Kasperzyk*, 596 F. Supp. 2d 314, 317 ("Under Connecticut law, 'an action for malicious prosecution against a private person requires a plaintiff to prove that: (1) the defendant initiated or procured the institution of criminal proceedings against the plaintiff; (2) the criminal proceedings have terminated in favor of the plaintiff, (3) the defendant acted without probable cause; and (4) the defendant acted with malice, primarily for a purpose other than that of bringing an offender to justice.'").

Plaintiff alleges that Defendant Allaire made false statements to a police officer which led to Plaintiff's arrest.  Such an allegation is plausible to suggest that Defendant Allaire acted without probable cause in reporting Plaintiff.  Moreover, unlike federal law, Connecticut law does not appear to restrict the assertion of a malicious prosecution claim to hold only a tortfeasor liable.  Indeed, it appears that courts have permitted malicious prosecution claims against employer defendants on a theory of respondeat superior.  *See Smith v. Globe Ford, Inc.*, 39 467 A.2d 1262, 1267 (Conn. Super. Ct. 1983) (noting that because plaintiff failed to prove at trial his claim of malicious prosecution against defendant employee, the defendant employer could not be held liable on the same claim); *see also Daniels v. City of New Haven*, No. CV010451523S, 2007 WL 1414072, at *1 (Conn. Super. Ct. Apr. 18, 2007) (analyzing complaint of malicious prosecution against officer, and also to employer city through doctrine of respondeat superior).  Thus, the court finds that Plaintiff's allegations may form the basis for a common law malicious prosecution claim against Defendant Allaire, and, through the doctrine of respondeat superior, against the School and Defendant Kick.

However, because the complaint fails to indicate whether the underlying criminal complaint against Defendant has terminated in his favor—an essential element of a

malicious prosecution claim—the court must dismiss the claim.[3]  Plaintiff will be afforded an opportunity to amend his complaint to plead the elements of the claim under Connecticut state law.  *See Branum v. Clark*, 927 F.2d 698, 705 (2d Cir. 1991) ([T]he court should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated.").  Plaintiff may file a Third Amended Complaint which includes additional allegations regarding whether the criminal proceedings have terminated in his favor (and, if so, when such termination occurred), as well as allegations supporting claims that Defendant Allaire acted with malice.

      c.  <u>Defamation Claim</u>

The Goddard School Defendants argue that any state law defamation claim is time-barred by the applicable statute of limitations.  The court agrees.  The limitations period for a defamation claim under Connecticut law is two years.  *Gianetti v. Connecticut Newspapers Pub. Co.*, 136 Conn. App. 67, 73 (2012) (noting that under Conn. Gen. Stat. § 52-597, "[n]o action for libel or slander shall be brought but within two years from the date of the act complained of.").

Plaintiff alleges that Defendant Allaire made false statements to the police on March 27, 2018.  SAC at ¶ 6; ECF No. 53-1 at p. 1.  Plaintiff first named Defendants Allaire and Kick in an amended complaint dated September 21, 2021 (ECF No. 39), and served them on February 23, 2022.  ECF No. 68.  Accordingly, any defamation claim

---

[3]     The Goddard School Defendants also argue that a malicious prosecution claim must be dismissed as time-barred under the three-year statute of limitations. However, the court cannot determine, at this stage, whether the claim is time barred. Under Connecticut law, a cause of action for malicious prosecution accrues from the date the criminal matter is dismissed, not the date on which the defendant was arrested. *See Lopes v. Farmer,* 286 Conn. 384, 390 (2008). Neither Plaintiff nor the Goddard School Defendants have provided the court with any information as to Plaintiff's underlying case for criminal trespass.

against Defendant Allaire, or against Defendant Kick to the extent that the statements may be attributed to her, is clearly outside the two-year limitation period.  A defamation claim against the School also is outside the statute of limitations.  Although Plaintiff named the School as a defendant in his original complaint, he filed the complaint on April 28, 2021 – more than two years after the alleged defamatory statement made by Defendant Allaire on March 27, 2018.

Accordingly, the court hereby dismisses any defamation claim against the Goddard School Defendants.  The court notes that any leave to amend the defamation claim would be futile.

### V.    Conclusion

The Goddard School Defendants' motion to dismiss (ECF No. 74) hereby is **GRANTED**.  Plaintiff's claims for defamation, and any claims under 42 U.S.C. § 1983, hereby are dismissed with prejudice respect to the Goddard School Defendants. Plaintiff's claim for malicious prosecution under Connecticut state law hereby is dismissed, without prejudice.  Plaintiff may file a Third Amended Complaint within sixty (60) days of this ruling to cure the deficiencies identified with respect to the state law malicious prosecution claim.

**IT IS SO ORDERED.**  Entered at Hartford, Connecticut, this 1st day of September, 2022.

/s/ Omar A. Williams
Omar A. Williams
United States District Judge

11