UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| Warren Louis Paré<br>*Plaintiffs* | :<br>:<br>: | Case No. 3:21-cv-584 (OAW) |
| *v.* | :<br>:<br>: | |
| Elio C. Morgan<br>*Defendant.* | :<br>: | March 8, 2023 |

### RULING ON DEFENDANTS' MOTION TO DISMISS

Warren Louis Paré ("Plaintiff") brings this action under 42 U.S.C. § 1983 for events arising out of his July 31, 2018, arrest for trespassing onto property owned and operated by the Goddard School. In his Second Amended Complaint ("SAC"), ECF No. 53, Plaintiff names ten (10) defendants. The court already has dismissed the three defendants associated with the school, ECF No. 98, while Plaintiff voluntarily has dismissed six (6) other defendants, ECF Nos. 111, 120. As a result, the only defendant remaining in this case is Attorney Elio C. Morgan ("Atty. Morgan"), who has moved to dismiss the claims against him. Mot. to Dismiss, ECF No. 123. For the reasons stated herein, the court hereby **GRANTS** the motion to dismiss. Because there are no defendants remaining in this action, the clerk hereby is instructed to terminate this case off the court's docket.

I.  **Procedural History**

Plaintiff filed his SAC on October 22, 2021. ECF No. 53. The SAC names four state defendants: Attorney Paul O. Gaetano ("Atty. Gaetano") (a state prosecutor), and three attorneys from the public defender's office: Attorneys Damian Tucker ("Atty. Tucker"), Jonathan Gable ("Atty. Gable"), and Atty. Morgan (together, "State Defendants"). *Id.* at

1

1–2.  Thereafter, the State Defendants moved to dismiss the SAC.  ECF No. 112.  Before the court could rule on the motion to dismiss, Plaintiff filed several "emergency motions" seeking to voluntarily dismiss Attorneys Gaetano, Tucker, and Gable.  ECF Nos. 118, 119, 117.  However, Plaintiff did not seek to dismiss Atty. Morgan.  The court granted Plaintiff's voluntary motion to dismiss, and denied as moot the State Defendants' motion to dismiss.  ECF No. 120.  Atty. Morgan, as the only remaining defendant in this case, has filed a new motion to dismiss, ECF No. 123, renewing his arguments for dismissal.

## II.     Background

On July 31, 2018, Plaintiff was arrested by warrant for Criminal Trespass in the First Degree, in violation of Section 53a-107 of the General Statutes of Connecticut.  SAC at ¶¶ 14–15.  The arrest arose out of a March 27, 2018 incident at the Goddard School (a preschool located at 42 Old Tavern Road in Orange, Connecticut).  *Id.* ¶¶ 2, 8–12.  The arrest warrant alleges that Plaintiff drove "very fast" through the school's campus, that he parked near the school's property while several children were at the outdoor playground area, and, after a few minutes, that he walked toward the front door of the preschool.  Arrest Warrant at ¶¶ 2–3, ECF No. 53-1.  Eileen Allaire ("Ms. Allaire"), a school employee, approached him to ask whether he needed assistance, and later asked Plaintiff to leave when Plaintiff explained that he was there simply "checking things out."  *Id.* ¶ 3.  Mr. Paré later claimed to police that he approached the school because he heard children screaming and that "his instinct was to make sure everything was okay."  *Id.* ¶ 5.  After instructing Plaintiff to leave, Ms. Allaire ordered a school lockdown and contacted the police, but she was informed by a coworker that Mr. Paré was inside the school's vestibule

area.  *Id.* ¶4.  There, he asked her whether there was something she wanted to ask him.  *Id*.  At that point, the police arrived and spoke with Mr. Paré.  *Id.* ¶¶ 4–5.

An officer ordered Mr. Paré to leave and not to return, or face arrest for trespassing; he said that he understood, and left.  *Id.* ¶ 5.  Nearly 30 minutes later, Ms. Allaire observed Plaintiff drive through the campus a second time; she called the police again, but Mr. Paré left before they arrived.  *Id.* ¶ 6.  Ms. Allaire provided police with a sworn, written statement and a copy of CCTV footage showing Plaintiff's first encounter with her.  *Id.*  Thereafter, a warrant was submitted for Plaintiff's arrest.  *Id.* ¶ 7.

In his SAC, Plaintiff alleges that he was merely taking an "around the block walk", SAC at ¶ 33, to exercise his legs, *id.* ¶ 9.  While Plaintiff acknowledges that he spoke with a woman during his walk, he claims that she "never mentioned anything about contacting the [p]olice" nor warned him that his presence on the school's property was trespassing.  *Id.* ¶ 9.  Plaintiff contests the facts as described in the arrest warrant's affidavit .  He disputes that the police escorted him to his car, and the details of his conversation with an officer wherein he supposedly said that he sought to check on the school's children before being asked by Ms. Allaire (and then by police) to leave the premises.  *Id.* ¶ 10.  Plaintiff states that his car was parked "in a parking lot next to the school."  *Id.* ¶ 33.  Plaintiff alleges that he took a break from his walk and was reading a newspaper when he was approached by two officers.  *Id.* ¶ 35.  The officers questioned why he was there and asked for Plaintiff's driver's license.  *Id.*  Plaintiff alleges that the officers left without giving him any indication that he was doing anything wrong.  *Id.*  Moreover, Mr. Paré alleges that neither officer instructed him to leave the property.  *Id.* ¶ 35.  Lastly, Plaintiff denies that he returned to the school after leaving the area.  *Id.* ¶ 11.

3

Shortly after Plaintiff's arrest on July 31, 2018, the court appointed counsel to represent him, and Atty. Morgan was assigned to serve as his lawyer. *See id.* ¶ 25. Plaintiff complains in the SAC that Atty. Morgan did not contact him until shortly before his August 9, 2018, court appearance. *Id.* ¶¶ 25–27. At that first court appearance together, Atty. Morgan suggested that Plaintiff should apply for a diversionary program for accelerated pretrial rehabilitation ("AR")[1]. SAC at ¶¶ 28, 31, 42, 44. This was unacceptable to Plaintiff, who denied committing a criminal trespass. *Id.* ¶ 29. Plaintiff alleges that Atty. Morgan "seemed indifferent" to his version of the facts. *Id.* ¶ 36. Mr. Paré encouraged counsel to obtain the video footage from the school, which he believed would prove that he had done nothing wrong. *Id.* ¶ 32. Atty. Morgan agreed to obtain a copy of the video from the prosecutor. *Id.* ¶ 36.

Prior to Plaintiff's October 4, 2019, court date, Plaintiff sent letters to his lawyer in which he requested a copy of the video and asked for court paperwork indicating that Atty. Morgan was appointed as his counsel. *Id.* ¶¶ 44–46. Atty. Morgan did not respond to Plaintiff's letters. *Id.* ¶ 47.

On October 4, 2019, Atty. Morgan informed Plaintiff that the video footage was "favorable" to his case. *Id.* ¶ 47. On November 14, 2019, Plaintiff received an envelope from Atty. Morgan containing a copy of the video footage at issue. *Id.* ¶ 49. Plaintiff again requested court documents verifying that Atty. Morgan "officially" was representing him, but never received such proof. *Id.* ¶ 57. Plaintiff asserts that on January 10, 2020, he

---

[1] In mentioning the "'Training Course' known as an 'AR' program," *id.* ¶ 42, it appears Plaintiff is referring to the accelerated pretrial rehabilitation ("AR") diversionary program established by Section 54-45e of the General Statutes, which allows an accused to earn the dismissal of non-serious criminal charges, generally without needing to satisfy any requirements other than avoiding a criminal conviction for a period of time (not to exceed two years) as set by the court. Conn. Gen. Stat. § 54-56e.

4

"fired" Atty. Morgan as his lawyer, *id.*, Atty. Morgan's motion to dismiss indicates that he remained counsel of record until at least June 25, 2021, *see* Mot. to Dismiss 1 n.1, ECF No. 21-1.  In the case at bar, Plaintiff alleges that Atty. Morgan has defamed his character and has caused permanent damage to his reputation.  SAC at ¶ 58.  Accordingly, Plaintiff seeks an award of ten million dollars, plus punitive damages.  *Id.* at 30.

### III.     Legal Standard

Atty. Morgan moves to dismiss the claims against him pursuant to Rule 12(b)(6). To avoid dismissal under Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," and that is not merely "conceivable."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal,* 556 U.S. 662, 684, (2009).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  *Id.*  A complaint that offers only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555

"A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]'"  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal citation omitted).  Therefore, while even a *pro se* complaint must contain sufficient factual allegations to withstand the heightened pleading standard set forth in *Twombly* and *Iqbal*, courts "look for such allegations by reading the complaint with 'special solicitude' and

5

interpreting it to raise the strongest claims it suggests." *Green v. McLaughlin*, 480 F. App'x 44, 46 (2d Cir. 2012) (internal citation omitted).

IV.   Discussion

    A.  Plaintiff's § 1983 Claim

In the SAC, Plaintiff states that "Attorney Morgan as a licensed attorney in the State of Connecticut should be treated as a State Actor for a 42 U.S.C. Sec. 1983 claim along with this Complaint being filed under U.S. Statute Code 4101." SAC at ¶ 63. Section 1983 provides a remedy against any person who, under color of state law, deprives another of rights protected by the Constitution. 42 U.S.C. § 1983. The statute "does not provide a remedy for abuses that do not violate federal law[.]" *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 119 (1992). Plaintiff's allegation that Atty. Morgan "has caused defamation to [his] character and permanent damage to [his] reputation," SAC at ¶ 58, invokes state law rather than any federally-protected constitutional right. As the United States Court of Appeals for the Second Circuit has held, "Defamation . . . is an issue of state law, not of federal constitutional law, and therefore provides an insufficient basis to maintain a § 1983 action." *Sadallah v. City of Utica*, 383 F.3d 34, 38 (2d Cir. 2004). A claim of governmental defamation may be permitted, however, where a plaintiff satisfies the "stigma plus" test. *Id.* Under this test, the plaintiff must show "(1) the utterance of a statement about him or her that is sufficiently derogatory to injure his or her reputation, that is capable of being proved false, and that he or she claims is false, and (2) some tangible and material state-imposed burden or alteration of his or her status or of a right in addition to the stigmatizing statement." *Doe v. Dep't of Pub. Safety ex rel.*

*Lee*, 271 F.3d 38, 47 (2d Cir. 2001), *rev'd on other grounds sub nom. Conn. Dep't of Pub. Safety v. Doe*, 538 U.S. 1, 6–7 (2003).

Throughout the SAC, Plaintiff complains of Atty. Morgan's lack of responsiveness, his legal advice, and his delays in filing a motion to dismiss. Indeed, Plaintiff's claims generally appear to be focused around the quality of Atty. Morgan's legal representation rather than with any particular statement that he made. Whether or not Plaintiff agreed with his lawyer's alleged advice to apply for AR, Plaintiff fails to point to any verbal statement by Atty. Morgan that could be considered "sufficiently derogatory" for purposes of a defamation claim, or to any action that constitutes an "utterance" that would be injurious to his reputation. Moreover, Plaintiff has not demonstrated any deprivation of liberty that would allow him to bring a claim of governmental defamation through § 1983.

Even liberally construing Plaintiff's SAC, as the court must do for *pro se* complaints, there is no indication that Atty. Morgan acted under color of state law. "Plaintiffs bringing suit under 42 U.S.C. § 1983 are . . . required to demonstrate that defendants acted under color of state law when they engaged in the challenged conduct." *Faddis-DeCerbo v. Astor Servs. for Child. & Fams.*, 500 F. App'x 46, 47 (2d Cir. 2012). Anyone whose conduct is "fairly attributable to the State" can be sued as a state actor under § 1983. *Filarsky v. Delia*, 566 U.S. 377, 483 (2012). Private attorneys—even those who are court-appointed—are not state actors for purposes of § 1983 claims. *Licari v. Voog*, 374 F. App'x 230, 231 (2d Cir. 2010) (affirming dismissal of § 1983 claim against a private attorney who represented plaintiff in his criminal proceedings); *see also Carmon v. Silverstein*, No. 3:05CV877(WWE), 2005 WL 1983256, at *1 (D. Conn. Aug. 16, 2005) (dismissing a *pro se* prisoner's § 1983 claim against his private attorney because he is

not considered a state actor). Indeed, the Supreme Court of the United States has held that a public defender, even when employed by a state, does not act "under color of state law" when providing representation to an indigent client. *Polk Cnty. v. Dodson*, 454 U.S. 312, 318–25 (1981) (finding it "peculiarly difficult to detect any color of state law" when the function of the public defender necessarily is adverse with that of the state). Atty. Morgan was Plaintiff's court-appointed attorney in his criminal case, and the act of representation from a private attorney—whether or not appointed by the court—is insufficient to be deemed action under color of state law for purposes of § 1983 liability.

### B. 28 U.S.C. 4101

The SAC indicates that Plaintiff's claim against Atty. Morgan is "filed under U.S. Statute Code 4101." SAC at ¶ 63. Later in the SAC, Plaintiff states the named defendants all have been "made parties through the egregious conduct . . . resulting in my arrest on July 31, 2018 violating my Civil Rights under Federal Laws 28 U.S.C. 4101." In so doing, Plaintiff cites a statute for court procedures recognizing foreign defamation judgments. As Plaintiff's complaint does not attempt to enforce any foreign judgment, § 4101 is inapplicable to Plaintiff's claims.

### C. Immunity under Conn. Gen. Stat. § 4-165

Section 4-165 of the General Statutes provides that Connecticut state officers and employees who are sued in their individual capacities enjoy a limited immunity from suit: "[n]o state officer or employee shall be personally liable for damage or injury, not wanton, reckless or malicious, caused in the discharge of his or her duties or within the scope of his or her employment." Conn. Gen. Stat. § 4-165(a). Although Plaintiff argues that Atty. Morgan was appointed as "Independent Counsel," *see* Pl.'s Opp. at 6, ECF No. 125, the

8

statute extends the limited immunity to "an attorney appointed by the court as Division of Public Defender Services assigned counsel of an indigent accused." *Id.* at § 4-165(b). All of Plaintiff's allegations against Atty. Morgan involve his "scope of employment." Plaintiff expresses his disagreement with Atty. Morgan's legal advice, frustration with his lack of communication, and his delay in filing a motion to dismiss. Plaintiff's complaints, targeted exclusively at his legal representation, do not arise to the level of "wanton, reckless or malicious" conduct that would render inapplicable the limited immunity afforded to Atty. Morgan under § 4-165.

## V.     Conclusion

The allegations of the SAC do not provide any basis for a legally-cognizable claim arising from Atty. Morgan's representation of Plaintiff. For the reasons stated herein, the court hereby **DISMISSES** with prejudice the claims against Atty. Morgan. As Atty. Morgan is the only remaining defendant in this case (all other defendants voluntarily having been dismissed from this case by Plaintiff, and Plaintiff having declined the court's invitation at ECF No. 98 to file a Third Amended Complaint against the Goddard School defendants), the Clerk of Court hereby is instructed to terminate this case from the court's docket.

**IT IS SO ORDERED.** Entered at Hartford, Connecticut, this 8th day of March, 2023.

  _____/s/_____
  Omar A. Williams
  United States District Judge